UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MICHAEL JANOWSKI** | : | Civil Action No. 12-3144 (JAP) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM OPINION |
| | : | AND ORDER |
| **DOCTOR WILLIAMS, et al.** | : | |
| Defendants. | : | |

This matter comes before the Court on the Motions of Plaintiff Michael Janowski for (1) Constructive Service of Process [dkt. no. 68], and (2) Service of Process upon improperly named Defendant [dkt. no. 66]. Defendants have opposed the Motion for Constructive Service of Process [dkt. no. 73]. For the reasons specified below, Plaintiff's Motions are **GRANTED**.

I.   FACTS AND PROCEDURAL HISTORY

The facts of this case are well known to the Parties and the Court and need not be recited here at length. Plaintiff filed his Complaint on May 29, 2012. See dkt. no. 1. The U.S. Marshal's office was unable to serve Defendants Supervisor Robinson, Counselor Nabinger, Supervisor Brewer, Supervisor Hawkins, Head Supervisor Crane and Mr. Ferlise. See Pl.'s Brief at p. 4, dkt. no. 68. Previously, Plaintiff filed a Motion for Service of Complaint and the Court ordered Matthew Behr, counsel for the served Defendants to disclose the last known addresses of the unserved Defendants. See dkt. no. 35. Mr. Behr provided the last known addresses for all unserved Defendants that currently or previously worked at the Albert M. "Bo" Robinson Assessment and Treatment Center. See dkt. no. 40. Mr. Behr did not provide an address for Mr. Ferlise because he is not a current or former employee of Bo Robinson. Id.

1

Plaintiff filed this Motion for Constructive Service of Process on October 25, 2013.  See dkt. no. 68.  Plaintiff requests that the Court permit constructive service by having Mr. Behr accept service for Defendants Supervisor Robinson, Counselor Nabinger, Supervisor Brewer, Supervisor Hawkins and Head Supervisor Crane.  In addition, Plaintiff requests that the Court allow service upon the New Jersey Attorney General for Mr. Ferlise inasmuch as Mr. Ferlise is a state employee.  Id.

Plaintiff has also filed a Motion seeking Service of Process on Improperly named Defendant on October 15, 2013.  See no. dkt. 66.  Plaintiff incorrectly named "Doctor Williams" in the Complaint and now wants the U.S. Marshal to be directed to serve a Summons and the Complaint on Doctor William Stanley, and that the claim against the Doctor Williams who is named in on the Complaint be dismissed without prejudice.

## II. DISCUSSION

Federal Rule of Civil Procedure 4, in pertinent part, provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Under New Jersey law, the primary method of service is personal service.  See R. 4:4-4(a), 4:4-5(a). Plaintiff must make a diligent effort to personally serve defendant.  Id.   There is no fixed standard to determine whether a party has exercised diligence.  Modan v. Modan, 327 N.J. Super. 44, 48, 742 A.2d 611, 613 (App. Div. 2000). The Court must conduct a fact sensitive inquiry to determine whether Plaintiff made a diligent inquiry into the whereabouts of Defendants. Id.  If Plaintiff can prove through affidavit that despite diligent effort personal

service cannot be made then substituted service is permitted by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to: (1) a competent individual of the age of 14 or over, addressed to the individual's dwelling house or usual place of abode may be permitted. See R. 4:4-4(b)(1).  If service still cannot be made then constructive service is permitted by court order. See R. 4:4-4(b)(3).

Plaintiff has tried several times to locate and serve the Defendants; however, personal service was never completed. Plaintiff has submitted various applications to the Court in order to obtain service.  The Court finds that Plaintiff has made a diligent inquiry into the whereabouts of Defendants.  New Jersey Rule 4:4-4(b)(1) requires Plaintiff to submit an affidavit specifying the inquiry made, of what persons and in what manner.  See Rule 4:4-5(b).  However, Federal Rule of Civil Procedure 1 provides that the rules governing civil procedure should be administered to secure just, speedy, and inexpensive determination of every action and proceeding.  In the interest of justice, the Court will allow constructive service, by mail, without the filing of an affidavit inasmuch as the Plaintiff submitted evidence that he has made a diligent inquiry into the whereabouts of Defendants.  The Court will address other means of service if service by mail cannot be effected.

Plaintiff also filed a Motion for Service of Process upon an improperly named Defendant.  This Motion is unopposed.  In order to proceed, Doctor William Stanley must be substituted for "Doctor Williams" in the Complaint.  To this end, the Court will grant Plaintiff leave to amend the Complaint to substitute Doctor William Stanley for "Doctor Williams."

### III.    CONCLUSION AND ORDER

For the reasons stated,

**IT IS** on this 18th day of March, 2014,

**ORDERED** that Plaintiff's Motion for Constructive Service of Process is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion for Service of Process upon improperly named Defendant **GRANTED**.

s/ Douglas E. Arpert_____
DOUGLAS E. ARPERT, U.S.M.J.
