UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL S. JANOWSKI,** | Civil Action No. 12-3144 (FLW) |
| Plaintiff, | |
| v. | |
| **DR. WILLIAMS, et al.,** | **OPINION** |
| Defendants. | |

**WOLFSON, United States District Judge:**

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment by Dr. Eric Williams, M.D. ("Dr. Williams"), (ECF No. 83). As explained in more detail in this Opinion, Plaintiff has made it clear in his prior filings that he wishes to dismiss without prejudice the Complaint against Dr. Williams, whom he named as a Defendant in error in his initial Complaint, and Plaintiff's Amended Complaint neither names Eric Williams, M.D. as a Defendant nor alleges that Dr. Williams participated in the wrongdoing that gives rise to Plaintiff's section 1983 claims. As such, the Complaint is dismissed without prejudice against Dr. Williams, and his motion for summary judgment is dismissed as moot.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court recounts only those facts relevant to this Opinion. On May 29, 2012, Plaintiff filed a Complaint against a number of Defendants alleging that he was denied access to medical care at the Bo Robinson Assessment and Treatment Center ("Bo Robinson"). (*See* ECF No. 1.) Plaintiff named an individual known to him as "Doctor Williams" as the first-named Defendant.

1

(*See id.*)  On March 11, 2013, Eric Williams M.D. filed an answer to the Complaint through his attorney.  (ECF No. 28.)  On October 15, 2013, Plaintiff filed a motion for constructive service of process of the Summons and the Complaint upon "Doctor William Stanley, who was improperly named in the complaint as 'Dr. Williams'."  (ECF No. 66, Notice of Motion at 2.)  Plaintiff also sought to dismiss the claims without prejudice as to Dr. Eric Williams.  (*Id.*)  In his letter brief supporting his motion, Plaintiff certified to the following:

> The plaintiff's complaint named "Doctor Williams" as an defendant in this civil action.  However[,] through discovery, it has come to plaintiff's attention that the person known to him as "Doctor Williams" actual name is **"Doctor William Stanley"**.  Normally under the misnomer doctrine this would not present a problem[;]however, in the instant case, Doctor William Stanley was not served with the complaint and summons. Instead, another doctor, whose last name is "Williams", was served and answered the complaint.
>
> The plaintiff seeks to correct this mistake, and moves to have the later Doctor Williams dismissed from this action without prejudice, and to have the Summons & Complaint served upon Doctor William Stanley, and that all references in the complaint that refer[] to "Doctor Williams", b[e] cons[trued] to refer to Doctor William Stanley.

(ECF No. 66-1, Pl. Br. at 3 (emphasis in original).)  Plaintiff reiterated in his letter brief that he sought to have the claims dismissed without prejudice as to Dr. Williams and to have the summons and complaint served on Dr. William Stanley.  (*Id.* at 4.)

In a Memorandum Opinion and Order, filed on March 18, 2014, the Honorable Douglas E. Arpert, U.S.M.J., granted Plaintiff's request for constructive service of process on Dr. William Stanley and also construed Plaintiff's request as a motion for leave to amend the Complaint to substitute Doctor William Stanley for "Doctor Williams."  (ECF No. 79.)  Although Judge Arpert's Memorandum Opinion and Order noted Plaintiff's request to dismiss the claims without prejudice as to Dr. Williams and permitted Plaintiff to file an amended complaint to correct his

error, the Memorandum Order did not formally dismiss the claims without prejudice as to Dr. Williams. (*See id.*) Instead, Judge Arpert's opinion granted Plaintiff leave to file an amended complaint "to substitute Doctor William Stanley for 'Doctor Williams.'" (*Id.* at 3.)

On May 6, 2014, Dr. Williams filed a motion for summary judgment. On May 20, 2014, Plaintiff wrote to the Court asking that summary judgment be granted as to Dr. Williams and that the Complaint be dismissed without prejudice as to Dr. Williams. (ECF No. 88, at 1.) Plaintiff attached copies of his correspondence with Dr. Williams' attorney, including a stipulation of dismissal without prejudice that was signed by Plaintiff but not by Dr. Williams or his attorney. (ECF No. 88-1.) On June 16, 2014, Plaintiff filed an amended Complaint substituting Dr. William Stanley for "Dr. Williams." (ECF No. 93.) The Amended Complaint clearly identifies "Dr. Williams" as Dr. William Stanley. (*Id.* at 5.) The Amended Complaint also makes no mention of Eric Williams, M.D. and attributes no wrongdoing to him.

In the interim, the pending summary judgment motion by Dr. Williams was terminated by the District Court. On February 13, 2015, the Court reinstated the motion for summary judgment against Dr. Williams. (ECF Nos. 118, 120.) The Court noted that "Plaintiff has yet to file an opposition brief to the aforementioned summary judgment motions despite having nearly ninety days to do so." (*Id.*) On March 10, 2015, the case was reassigned to the undersigned. To date, Plaintiff has not filed any opposition to the motion for summary judgment filed by Dr. Williams.

### III.   ANALYSIS

Here, the Court need not decide Dr. Williams' motion for summary judgment because Plaintiff (1) brought a motion asking that the Complaint against Dr. Williams be dismissed without prejudice, and (2) he subsequently filed an Amended Complaint that replaced "Dr.

Williams" with Dr. William Stanley.[1]  Plaintiff's Amended Complaint does not name or mention Eric Williams, M.D., or allege any wrongdoing by Dr. Williams.  When an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases).  *See also* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed.2008).  As such, Dr. Williams is terminated from the case, and his motion for summary judgment is dismissed as moot.

### IV.     CONCLUSION

Because Plaintiff previously moved to dismiss his Complaint without prejudice against Dr. Williams and because he filed an Amended Complaint that does not name Eric Williams, M.D. as a Defendant or otherwise allege any wrongdoing by him, the Complaint against Dr. Williams is hereby dismissed without prejudice.  In light of that dismissal, Dr. Williams' motion for summary judgment is dismissed as moot.  An appropriate Order follows.

s/Freda L. Wolfson<br>
Freda L. Wolfson<br>
United States District Judge

---

[1] The Court notes that Plaintiff's Amended Complaint has not been screened pursuant to 28 U.S.C. § 1915A, and the fact that Defendants have filed answers or dispositive motions in response to the complaint does not preclude this Court from screening the Amended Complaint at a future date. *See Rivera v. Zwiegle, et. al.*, Civ No. 13–3024, 2014 WL 6991954 at *1 n.1 (D.N.J. Dec. 9, 2014) (citing *Lair v. Purdy*, 84 F. App'x 413, 414 (5th Cir. 2003) (*per curiam*) (rejecting federal prisoner's argument that district court erred in using § 1915 A to dismiss some of his claims after the defendants had already answered) and *Loving v. Lea*, No. 13–158, 2013 WL 3293655, at *1 (M.D. La. June 28, 2013) ("A § 1915A dismissal may be made at any time, before or after service of process and before or after an answer is filed.")).

Date: <u>July 10, 2015</u>