UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL S. JANOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>DR. WILLIAMS, et al.,<br><br>Defendants. | Civil Action No. 12-3144 (FLW)<br><br><br><br>MEMORANDUM OPINION |

**WOLFSON, United States District Judge:**

This matter having been opened *sua sponte* by the Court to consider whether Plaintiff – who has failed to respond to the Court's Orders directing him to file a response to the Defendants' motion for summary judgment and who has not communicated with the Court in any way since July 9, 2014 – has abandoned his case. For the reasons explained in this Memorandum Opinion, the Court finds that Plaintiff has abandoned his case and dismisses the case without prejudice under L. Civ. R. 41.1(a) for lack of prosecution.

Plaintiff initiated this action by filing a Complaint alleging violations of his civil rights under 42 U.S.C. § 1983, and state law corollaries, arising from allegations that employees at the Albert M. "Bo" Robinson Assessment and Treatment Center ("Bo Robinson") (1) delayed treatment of an infected wound on his arm (2) and assaulted him. Plaintiff's initial Complaint was docketed on May 29, 2012, and the case was assigned to the Honorable Joel A. Pisano. (ECF No. 1.) At that time, Plaintiff was incarcerated at Bayside State Prison. (ECF No. 1-2, at 2.) The Complaint was screened by the Court on November 20, 2012. (ECF No. 10). That Order proceeded Plaintiff's Complaint but dismissed the Complaint as to Defendants Gary

Lanigan and James Plousis for failure to allege the personal involvement of these Defendants. (*Id.*)

Summons issued and was returned executed by Defendants David Hountse RN (improperly pled as Nurse David RN), William Guynn (improperly pled as Supervisor Gwynn), and Joseph Collier (improperly pled as Supervisor Collier) (collectively referred to as "Defendants"), and they filed an Answer to the Complaint with separate defenses on March 6, 2013. (ECF No. 13.) Discovery proceeded as Plaintiff attempted to serve the remaining Defendants. On May 16, 2014, Defendants Hountse, Guynn, and Collier filed a motion for summary judgment. (ECF No. 87.)

On June 16, 2014, Plaintiff sought a ninety-day extension of time to file his response to Defendants' summary judgment motion. (ECF No. 89.) On July 7, 2014, the Court granted Plaintiff's request for an extension and ordered that Plaintiff file his response to Defendants' summary judgment motion no later than September 5, 2014. (ECF No. 98.) The Clerk served a copy of the Order on Plaintiff by regular mail at his address on file. Plaintiff's most recent change of address indicated that he was at Southern State Prison. (ECF No. 77.) Two days later, on July 9, 2014, Plaintiff submitted a notice of change of address, advising the Court that as of July 11, 2014, he would be released from prison. (ECF No. 99.) Plaintiff listed his new address as 878 South Olden Ave, Trenton, N.J. 08610. On July 21, 2014, the Order granting Plaintiff the extension of time to file his response (ECF No. 98) was returned as undeliverable. (ECF No. 102.)

Plaintiff did not file his response by September 5, 2014, as required by the Court's July 7, 2014 Order. On November 13, 2014, the Court issued an Order giving Plaintiff an additional 60 days to file his opposition to Defendants' motion for summary judgment. (ECF No. 114.) In

providing the additional extension, the Court noted that Plaintiff did not receive the Court's prior Order due to a docketing error. (*Id.*) Plaintiff's response was then due on January 12, 2015. The Order was mailed to 878 South Olden Ave, Trenton, N.J. 08610, and was not returned as undeliverable. Plaintiff did not file his response by January 12, 2015.

The case was transferred to the undersigned on March 10, 2015. (ECF No. 121.) The Court conducted an internet search for the address on file for Plaintiff, and the results of that search indicated that it may be a business address. It was therefore unclear to the Court whether Plaintiff received mail at that address or whether he received notice of the Court's November 13, 2014 Order advising him of the date his response was due.

Because Plaintiff had not filed a response to Defendants' pending motion for summary judgment or otherwise communicated with the Court about his case, the Court, out of an abundance of caution, issued an Order on September 24, 2015 that provided Plaintiff with 30 days to file a response to Defendants' motion for summary judgment. (ECF No. 124.) The Court also administratively terminated Defendants' motion for summary judgment in the interim, explaining that if Plaintiff responded to the Court's order, the Court would reinstate the Defendants' motion for summary judgment and provide Defendants with an opportunity to file a reply. (*Id.*) The Court's Order further notified Plaintiff that if he failed to respond to the Court's Order, the Court would consider Plaintiff to have abandoned his case, and would assess the factors outlined in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) in determining whether to dismiss the case for failure to prosecute. The Order was mailed to Plaintiff at 878 South Olden Ave, Trenton, N.J. 08610, and there is no indication on the docket that it was refused or returned as undeliverable. More than thirty days have passed since the Court issued its most recent Order directing Plaintiff to file a response to Defendants' motion for

3

summary judgment, and Plaintiff has not filed that response or communicated with the Court. The Court further notes that the three Defendants who previously moved for summary judgment are the only remaining Defendants in the case that have been served; however, there are additional Defendants named in the case that were never served by Plaintiff.[1]

A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b). *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)); *Lee v. Krieg*, 227 F. App'x 146, 148 (3d Cir. 2007). Federal Rule of Civil Procedure 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

This authority has also been codified in Local Civil Rule 41.1(a), which provides that civil cases "which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution ... unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party." L. Civ. R. 41.1(a).[2]

---

[1] The only other answering Defendant, Dr. Eric Williams, M.D., filed a motion for summary judgment on May 6, 2014, alleging that he had been named in error. (ECF No. 83) Shortly thereafter, on May 20, 2014, Plaintiff advised the Court that he did not oppose the dismissal of Dr. Williams. (ECF No. 88.) This Court subsequently dismissed Dr. Williams from the action and denied the motion for summary judgment as moot. (ECF No. 123.)

[2] The Court also has broad authority under the Rules to sanction a litigant for failing to comply with the Court's Orders. *See, e.g.*, *Dos Santos v. Borough of Flemington*, No. CIV.A. 10-1348 FLW, 2012 WL 406402, at *7 (D.N.J. Jan. 4, 2012) report and recommendation adopted, No. CIV.A. 10-1348 FLW, 2012 WL 405717 (D.N.J. Feb. 8, 2012) (dismissing Complaint without

Failure to prosecute does not require that the party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery, or other failure to act is sufficient to constitute lack of prosecution. *Wortman v. Umrani*, No. CIV A. 05-1411 FLW, 2006 WL 2347853, at *3 (D.N.J. Aug. 11, 2006) (citing *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d. Cir. 1994)).

Ordinarily, to ensure "that a party still has [his or] her day in court," *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013), the court must consider the six factors adopted by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) before dismissal. However, courts in this District have held that the *Poulis* factors need not be considered where the dismissal is without prejudice. *Foreman v. Previziz*, No. 2:13-CV-5807-SDW-SCM, 2015 WL 1931453, at *1 (D.N.J. Apr. 27, 2015) (citing *Choi v. Kim*, 258 F. Appx. 413, 417 at n. 5 (3d Cir. 2007) (dismissal without prejudice does not operate as an adjudication on the merits); *see also Edwards v. New Jersey Human Servs.*, No. 12-CV-05524 PGS, 2013 WL 2659095, at *2 (D.N.J. June 12, 2013) (same); *Rivera v. 63 Elm St. Realty*, LLC, No. CIV.A. 11-0841 SDW, 2015 WL 3561419, at *2 (D.N.J. June 4, 2015) (same).

Furthermore, where a party willfully abandons his case, or makes adjudication of a matter impossible through his or her conduct, *Poulis* balancing is unnecessary. *See, e.g., Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994) (party abandons her case); *see also Seberell ex rel. Seberell v. Philadelphia Police Dept.*, 159 F. App'x. 371, 373–74 (3d Cir. 2005) (affirming dismissal without assessment of Poulis factors where Plaintiff refused to cooperate with Court's order requiring her to complete required forms to the Marshal's service despite clear instructions

---

prejudice pursuant to Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(A)(v) for failure to comply with the Court's Orders).

and warning that she would face dismissal for failure to comply with Court's order); *Jackson v. U.S. Bankr.Ct.*, 350 F. App'x 621, 624 (3d Cir. 2009) (per curiam) (Plaintiff's disappearance and failure to oppose motions and communicate with the Court for more than a year rendered assessment of *Poulis* factors unnecessary). In *Jackson*, the Third Circuit found that strict adherence to *Poulis* was not required where Jackson had "effectively abandoned the action" by "(1) his failure to respond to three pending motions to dismiss, despite the District Court's *sua sponte* grant of three extensions of time in which to do so; (2) his failure to attend a scheduled status conference, without contacting the District Court or the defendants to seek a continuance or to excuse his absence; (3) his failure to initiate any contact whatsoever with the District Court for over a year, despite substantial docket activity in his case; and (4) his failure to file a motion to reopen the proceedings within the thirty days directed in the District Court's dismissal order." *Id.* The Court explained that "Jackson's disappearance effectively made it impossible for the District Court to proceed with his case" and that "dismissal was appropriate without strict adherence to *Poulis*." *Id.*

Here, Plaintiff has not communicated with the Court since July 9, 2014, when he notified the Court that he was to be released from prison and provided an updated address. Although Plaintiff actively prosecuted his case prior to his release from prison in July 2014, his subsequent disappearance and failure to file any response to the Defendants' motion for summary judgment and or inform the Court of his whereabouts since that time has made it impossible for this Court to proceed with his case.[3] The Court has provided Plaintiff with ample time and opportunity to

---

[3] If Plaintiff had failed to oppose the motion for summary judgment but remained in contact with the Court, the Court could treat the motion as unopposed. Here, however, if the Court were to consider the motion and find that issues of fact preclude summary judgment, the case could not move forward to trial because Plaintiff is no longer in contact with the Court and has effectively abandoned the case.

file a response to the Defendants' motion for summary judgment and to notify the Court of his whereabouts, but has received no response whatsoever from Plaintiff. In its September 24, 2015 Order, the Court also provided notice to Plaintiff at his last known address that his case would be subject to dismissal for failure to prosecute if he did not respond to the Court's Order and file his response to Defendant Summary Judgment motion within thirty days. (*See* ECF No. 124.) There is also no indication that this Order did not reach Plaintiff as it has not been returned as undeliverable. As such, at this time, the Court will dismiss the case without prejudice for lack of prosecution pursuant to L. Civ. R. 41.1(a) and direct the Clerk of the Court to close the case accordingly.[4] To the extent Plaintiff has good cause for failing to respond to the Court's Orders, Plaintiff may seek to reopen the case within thirty days of the date of this Order by writing to the Court and attaching the required affidavit showing good cause.

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Date: December 17, 2015

---

[4] The case is dismissed as to all Defendants, including those who were never served.